NEW JERSEY STATE BOARD OF OPTOMETRISTS, DEFEND-
ANT-APPELLANT, v. S. S. KRESGE COMPANY, A CORPO-
RATION, PROSECUTOR-RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellant, *David T. Wilentz,* attorney-general, and *Robert Peacock,* assistant attorney-general.

For the respondent, *George S. Hobart.*

PER CURIAM.

The facts are fully stated, and the pertinent statutory provisions quoted, in the opinion of the Supreme Court. We concur in the view expressed by that court, that the particular sale involved in the case, and the class of sales to which it belongs, are not within the purview of the statute. The statutory definition of optometry, quoted at page 293 of 113 *N. J. L.,* expressly rests not on sale of lenses, or similar aids to the eye, but on examination of the human eye itself by objective or subjective means, or both. Nothing savoring of an examination was made in this case; and all assistance, even in choosing a glass, was refused.

We concur in the view that the proviso relating to sale of toy plain glasses, smoked glasses, and the like, is ineffective to bring into the purview of the act the mere sale, without more, of spectacle frames with lenses therein, labeled according to strength. As well might be included reading glasses with handles, opera glasses and other binoculars, telescopes, microscopes and the like, all of which are to assist the eye and augment vision.

This result makes it unnecessary to consider the constitutional question discussed in the Supreme Court, although nothing adverse to the views of that court thereon is now intimated.

The Supreme Court reversed the District Court judgment and remanded the case to that court for further proceedings. But as the facts were stipulated in the District Court and likewise expressly found by that court, such finding had the force of a special verdict, and under the recognized practice in such cases, final judgment in favor of respondent-prosecutor

should have been entered in the Supreme Court. *Smith* v. *Ocean Castle,* 59 *N. J. L.* 198; *Elwood* v. *Smith,* 104 *Id.* 248, and cases cited; *affirmed,* 105 *Id.* 236. With this exception, the judgment of the Supreme Court is affirmed, with direction to that court itself to enter final judgment in favor of the prosecutor. Whether that judgment should carry costs, is a point not argued here, and not considered. The Supreme Court case of *Board of Tenement House Supervision* v. *Schlechter,* 83 *Id.* 88, and cognate cases, appear to be relevant, however.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.