A writ of certiorari was allowed by the former Supreme Court on April 2, 1948, to review an ordinance of the Borough of Moonachie entitled, "An ordinance to license and regulate trailer camps and camp sites within *Page 12 
the Borough of Moonachie and to provide penalties for the violation thereof." The ordinance was adopted September 17, 1947, and amended December 11, 1947.
It is conceded that the ordinance imposes a license fee for revenue; that the power of the municipality to impose a license fee for revenue upon a business or occupation depends upon a grant of such power by the legislature; and that the only statutes granting such power are R.S. 40:52-1 and 40:52-2. We examine the law as it existed at the times in question.
R.S. 40:52-2 authorized the governing body of the municipality to fix the fees for all licenses granted underR.S. 40:52-1 and provided that such fees "may be imposed for revenue." R.S. 40:52-1 provided: "The governing body may make, amend, repeal and enforce ordinances to license and regulate," followed by twelve subsections, each containing descriptions of businesses and occupations subject to such licensing and regulation. The municipality claims that the power to enact this ordinance was granted by subsection (a), by subsection (d) and by subsection (g) of R.S. 40:52-1. That neither subsection (a) nor subsection (d) granted such power, is so obvious as not to require discussion.
Subsection (g), in pertinent part, provided: "Lumber and coal yards, stores for the sale of meats, groceries and provisions, dry goods and merchandise, and goods and chattels of every kind,and all other kinds of business conducted in the municipalityother than herein mentioned, and the places and premises in or atwhich the business is conducted and carried on; * * *" (Italics ours.)
The municipality argues that the grant of power to enact this ordinance is contained in the language of subsection (g) italicized above, and cites Independent Warehouses, Inc., v.Scheele, 134 N.J.L. 133 (E. A. 1946); Prinz v. Paramus,120 N.J.L. 72 (Sup. Ct. 1938); affirmed on opinion below,121 N.J.L. 585 (E. A. 1939), and Becker v. Pickersgill,105 N.J.L. 51 (Sup. Ct. 1928), as holding that authority is thereby granted to license for revenue all businesses not specifically mentioned in the rest of the section. The prosecutor *Page 13 
argues that the language italicized above is a grant limited to businesses of the same class or general character as the named or described businesses preceding, under the doctrine of ejusdemgeneris, and that this construction effectuates the legislative intention.
R.S. 40:52-1 had its origin in P.L. 1917, c. 97 and c.
152. The language of subsection (g), quoted above, was added by amendment in P.L. 1918, c. 252, to the long list of businesses then subject to license for revenue. The fact that the Legislature chose to add specifically named or described businesses together with the italicized general language, instead of simply using one compendious expression to include all businesses and occupations, strongly suggests that the general language was used in the light of the ejusdem generis doctrine. But stronger evidence of the legislative intent is the fact that, in the very same enactment of 1918, another subsection, namely, subsection (c), was also amended so as to add "automobile garages" to the other businesses mentioned therein. Since 1918 the section has been further amended, from time to time, to include other businesses as the need appeared. Thus, present subsection (b) was added by P.L. 1920, c. 89; present subsection (i) by P.L. 1926, c. 113; "transient merchants" byP.L. 1927, c. 280; "motor vehicle junk dealers" and "dealers in second-hand motor vehicles and parts thereof" by P.L. 1929,c. 215; "real estate brokers engaged in selling at auction or real estate auctioneers licensed by the New Jersey Real Estate Commission" by P.L. 1941, c. 92; present subsection (j) byP.L. 1944, c. 245; and after the enactment of the ordinance under review and the allowance of the writ in this case, "trailer camps and camp sites" was added to subsection (d) by P.L. 1948,c. 425. This history makes the legislative intent clear and the italicized language must be limited in meaning to businesses similar in nature to the businesses enumerated by the preceding specific words. Sutherland Statutory Construction (3rd ed.), § 4909. Trailer camps and camp sites are not similar in nature to the businesses enumerated by the preceding specific words in subsection (g), and therefore the general language *Page 14 
italicized above granted no power to enact the ordinance under review.
In the Independent Warehouse case, above, the business involved was that of a warehouse for the storage of coal, and apparently considered as a "coal yard," which is one of the specifically named businesses in subsection (g).
In the Prinz case, above, the ordinance was upheld as an exercise of the police power and not of the taxing power, as clearly indicated by the excerpt cited by the municipality:
"The authority permitting the municipal corporation to pass an ordinance regulating dog kennels within its territorial limits is amply provided for in the New Jersey Municipalities act. Pamph.L. 1917, pp. 319 et seq. Article 14, section 2 andarticle 15, section 1 (d), Pamph. L. 1918, p. 959. By virtue of the police power so granted the municipality may pass any reasonable regulation of any business the unrestrained pursuit of which might affect injuriously the public health or safety."
Article 14, section 2 of the Home Rule Act, cited and relied on to support the ordinance, is the section authorizing the passage of ordinances under the police power (now R.S. 40:48-2).
The Becker case, above, involved an ordinance providing for the examination and registration of electricians and fixing fees therefor. The ordinance could be and was upheld as a proper exercise of the police power. We consider the court's reliance upon the language of subsection (g), as quoted above, unnecessary to the decision and the construction thereof too broad.
The ordinance under review is set aside. *Page 15