63 N.J. Super. 69 (1960)
163 A.2d 739
BOROUGH OF BELMAR, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
EDWARD BERUBE, TRADING AS BERUBE PLUMBING AND HEATING, DEFENDANT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided September 15, 1960.
*70 Mr. Harold Feinberg, attorney for plaintiff.
Messrs. Stout & O'Hagan (Mr. William J. O'Hagan appearing), attorneys for defendant.
GIORDANO, J.C.C.
This is an appeal from a conviction in the Municipal Court of the Borough of Belmar on a complaint which charged that the appellant, Edward Berube, trading as Berube Plumbing and Heating, "did engage in the business of plumbing and heating services in the Borough of Belmar to wit: 510-11th Avenue rear, and did refuse to obtain a mercantile license to conduct these services after being so directed by the license inspector and the plumbing inspector in violation of Belmar Borough Ordinance #465, Sections 201, 202 and 202A."
Briefly, the facts are that the appellant has his place of business of plumbing in the Borough of South Belmar, Monmouth County, New Jersey, where he resides. The issue is whether the Borough of Belmar under its mercantile license ordinance could compel an out-of-town business to secure a mercantile license and whether the ordinance in question applies.
Before exploring the question, it is not redundant to state that a municipality has the power to enact ordinances not contrary to the laws of New Jersey or of the United States which it "deem[s] necessary and proper * * * for the preservation of the public health, safety and welfare of the municipality and its inhabitants * * *." R.S. 40:48-2; see 9 McQuillin, Municipal Corporations, sec. 26.127. However, the issue in the instant case is not whether a municipality has power to license and regulate the vocation of plumbing but whether by the ordinance in question, the Borough of Belmar can require a plumber who maintains his place of business in another municipality to take out a mercantile license.
Section 201 of the ordinance provides that "it shall not be lawful for any person, either directly or indirectly, to *71 conduct any business as defined in this ordinance * * * unless a license or a permit therefore is first procured and kept in effect at all such times as required by this ordinance. * * *"
Sections 202 and 202A provide that "* * * any person shall be deemed engaged in business and subject to the provisions of this ordinance when he does one act of: (a) selling any goods or service."
A review of section 201 reveals that it is applicable only to persons who "conduct any business as defined in this ordinance." Section 101 defines business as
"The term business (as used in both singular and plural sense) is meant to include all kinds of vocations, occupations, professions, enterprises, establishments and all other kinds of activities and matters * * *, as set forth in Section 40:52-1 of the Revised Statutes of the State of New Jersey and the Acts amendatory thereof and supplemental thereto."
Therefore our search for the businesses which are governed by the Belmar ordinance leads us to N.J.S.A. 40:52-1. This statute, in 12 subsections, enumerates the different types of business activity which the municipality may license and regulate. Subsection (g) is the only part of N.J.S.A. 40:52-1 which can possibly circumscribe the type of business activity involved here, namely, the furnishing of plumbing services by a master plumber who maintains his place of business in another municipality. Subsection (g) extends the licensing power of a municipality to include:
"Lumber and coal yards, stores for the sale of meats, groceries and provisions, dry goods and merchandise, and goods and chattels of every kind, and all other kinds of business conducted in the municipality other than herein mentioned, and the places and premises in or at which the business is conducted and carried on; street stands for the sale or distribution of newspapers, magazines, periodicals, books, and goods and merchandise or other articles;" (Emphasis supplied)
The problem resolves itself to whether the phrase "all other kinds of business conducted in the municipality" is *72 to be construed literally or whether the rule of ejusdem generis applies so as to limit it to businesses of the same class or general character as the named or described businesses preceding. See In re Armour, 11 N.J. 257, 273 (1953).
This phrase has been the subject of judicial interpretation in a number of cases. The first case, Becker v. Pickersgill, 105 N.J.L. 51 (Sup. Ct. 1928), held that "all other kinds of business" included all kinds of businesses literally, namely the work of a master electrician, and sustained an ordinance which specifically provided for the regulation and examination of electricians, on that ground. However, in Edwards v. Borough of Moonachie, 3 N.J. Super. 10 (App. Div. 1949) reversed on other grounds, 3 N.J. 17 (1949), the Appellate Division stated that the ordinance in the Becker case "could be and was upheld as a proper exercise of the police power. We consider the court's reliance upon the language of subsection (g), as quoted above, unnecessary to the decision and the construction thereof too broad." 3 N.J. Super., at page 14.
The Supreme Court reversed the Appellate Division judgment in Edwards v. Borough of Moonachie, supra, on the ground that the ordinance requiring the licensing of trailer camps was authorized under N.J.S.A. 40:52-1(d), and by way of dicta Justice Heher remarked that "the rule of ejusdem generis has not heretofore been considered as limiting the class comprised in subdivision (g), * * * to stores for the sale of goods and chattels." 3 N.J., at page 22.
However, decisions subsequent to Edwards v. Borough of Moonachie, supra, have applied the rule of ejusdem generis to limit the class comprised in N.J.S.A. 40:52-1 (g).
In Salomon v. Jersey City, 12 N.J. 379 (1953), the Supreme Court invalidated a Jersey City ordinance which required all businesses having a situs in the city to be licensed. The city argued that the "all other kinds of business" phrase in subsection (g) of N.J.S.A. 40:52-1 evidenced a legislative intent to authorize the broad municipal *73 taxation of all businesses. The Supreme Court through Justice Jacobs, in rejecting this argument, stated at page 389,
"We are unable to find any such legislative intent or, indeed, any purpose to do more than increase the enumerated regulatory subjects to include other businesses of like kind. * * * As with all aids to statutory construction, this rule [ejusdem generis] is not absolute but serves as a helpful guide in ascertaining legislative meaning; here it imports the view that the specific enumerations, not having exhausted the genera, modified and limited the ensuing general clause. * * * In context, the other kinds of business referred to in L. 1918, c. 252, now paragraph (g) of R.S. 40:52-1, must be local businesses which may reasonably be considered comparable in type to those specifically enumeratel therein, namely, lumber and coal yards and stores for the sale of meats, groceries and provisions, dry goods, merchandise and other goods and chattels." (Emphasis supplied)
It is significant to note that Justice Heher, who wrote the opinion in Edwards v. Borough of Moonachie, supra, joined in the unanimous decision in Salomon v. Jersey City, supra.
Any possible doubt remaining as to the application of the rule of ejusdem generis to subsection (g) has been laid to rest by the Supreme Court in Absecon v. Vettese, 13 N.J. 581 (1953), and Weiner v. Stratford, 15 N.J. 295 (1954). In Absecon v. Vettese, supra, the Supreme Court, by Justice Jacobs, held that the Legislature had not authorized a municipality to regulate and license the business of publishing a local newspaper. Justice Jacobs restated the principle declared in Salomon v. Jersey City, supra:
"In other words, paragraph (g) was designed to include, within the municipal authority to license and regulate, businesses such as lumber and coal yards, retail stores and other local merchandising outlets, newsstands and similar enterprises. None of these is in any wise comparable to the business of publishing a newspaper, and nowhere do we find any shred of evidence suggesting that our Legislature meant, sub silentio, to delegate to municipalities the extraordinary power of imposing license fees on the privilege of publishing newspapers." 13 N.J., at page 588.
*74 Justice Brennan, by way of dicta in Weiner v. Stratford, supra, 15 N.J., at p. 300, said that N.J.S.A. 40:52-1 and R.S. 40:52-2 "do not authorize municipalities to license and regulate all businesses, but only those described therein. City of Absecon v. Vettese, * * * supra. This ordinance exceeds permissible bounds in embracing `any business, trade or calling' and `any business, trades, professions or occupations.'"
Having determined that the rule of ejusdem generis applies to limit the scope of N.J.S.A. 40:52-1(g) to "businesses such as lumber and coal yards, retail stores and other local merchandising outlets, newsstands and similar enterprises," Absecon v. Vettese, supra, it is readily evident that the business of furnishing plumbing services by a master plumber who maintains his place of business in another municipality is not circumscribed by the above cited statute. The term "retail stores and other local merchandising outlets, newsstands and similar enterprises" applies to local businesses for the sale of goods or chattels, not the business of furnishing plumbing services by a nonresident plumber.
The decision that the ordinance in question does not apply to the defendant thereby renders a consideration of the other question unnecessary.
For the reasons herein expressed, the conviction of Edward Berube in the Municipal Court of the Borough of Belmar is set aside, and accordingly he is acquitted.