77 N.J. Super. 469 (1962)
187 A.2d 16
GENERAL ROOFING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF BELMAR, A MUNICIPAL CORPORATION, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1962.
Decided December 20, 1962.
*470 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Harold Feinberg argued the cause for appellants.
Mr. Andrew J. Wilson argued the cause for respondent (Messrs. Laird & Wilson, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
This is an action in lieu of prerogative writs brought to compel the Borough of Belmar (Belmar) to issue a permit to plaintiff, a roofing contractor licensed at its principal place of business in Neptune Township, to perform roofing work in Belmar.
Previous to this action, plaintiff's application for permits to do roofing work in Belmar had been denied on the ground *471 that it had failed to obtain, as a condition precedent, a mercantile business license pursuant to Belmar Ordinance No. 465. The license fee would have been $25 a year.
Defendant appeals from a final judgment of the Superior Court, Law Division, which held that the ordinance "is invalid insofar as the same required the plaintiff to apply for and obtain a mercantile license in order to conduct business within the Borough of Belmar." The court ordered the borough license inspector to cease withholding "any building permits from plaintiff because plaintiff does not have a mercantile license."
Section 201 of Ordinance No. 465 forbids the unlicensed conduct of "any business as defined in this ordinance." Business is defined in Section 101 as "all kinds of vocations, occupations, professions, enterprises, establishments, and all other kinds of activities and matters, * * * any of which are conducted for private profit, or benefit, * * * on any premises in the Borough of Belmar, as set forth in [N.J.S.A.] 40:52-1." That statute contains 12 separate provisions relating to various activities which a municipality may license and regulate. The statute makes no mention of a roofer or a roofing contractor. Its only provision which may be pertinent to this case is N.J.S.A. 40:52-1(g), which permits municipal licensing of the following enterprises:
"Lumber and coal yards, stores for the sale of meats, groceries and provisions, dry goods and merchandise, and goods and chattels of every kind, and all other kinds of business conducted in the municipality other than herein mentioned, and the places and premises in or at which the business is conducted and carried on; street stands for the sale or distribution of newspapers, magazines, periodicals, books, and goods and merchandise or other articles." (Emphasis added)
Defendant borough concedes that Ordinance No. 465 was adopted under and by virtue of N.J.S.A. 40:52-1.
The sole question presented on this appeal is whether the phrase "all other kinds of business" is to be interpreted liberally or to be limited to activities analogous to those specifically *472 enumerated in subsection (g). The trial court held that the only subsection that could possibly encompass plaintiff's activity was (g), that (g) is limited to local businesses comparable in type to those enumerated therein, and that the rule of ejusdem generis applied to limit the scope of the general phrase "all other kinds of business." Ejusdem generis may be applied to general words used in conjunction with words of specific meaning to limit them to the class expressly mentioned. Cf. Denbo v. Moorestown Twp., 23 N.J. 476, 482 (1957); Abeles v. Adams Engineering Co., Inc., 64 N.J. Super. 167, 176 (App. Div. 1960), modified 35 N.J. 411 (1961).
As noted, businesses enumerated in N.J.S.A. 40:52-1(g) include certain specific activities such as lumber and coal yards and retail outlets which sell meats, groceries, dry goods, merchandise, and newspapers. It is axiomatic that every word, clause, or sentence of a statute is to be given effect. Constructions are to be avoided which render any part of a statute inoperative, superfluous, void or insignificant. State by Richman v. Sperry & Hutchinson Co., 23 N.J. 38, 46 (1956); In re Application of Lamb, 67 N.J. Super. 39, 61 (App. Div.), affirmed 34 N.J. 448 (1961); Reinauer Realty Corp. v. Nucera, 59 N.J. Super. 189, 199 (App. Div.), certif. denied 32 N.J. 347 (1960); Gualano v. Bd. of Estimate of Elizabeth School Dist., 72 N.J. Super. 7, 24 (Law Div. 1962); 2 Sutherland, Statutory Construction (3d ed. 1943), § 4705, p. 339.
If the Legislature  by including the words "all other kinds of business"  contemplated the broad interpretation urged by Belmar, then the specific enumerations in the twelve subsections of N.J.S.A. 40:52-1 would have little point. Consequently, the Legislature must have intended that this oblique reference to "all other kinds of business" be limited to the same generic classifications already set forth in subsection (g). Under these circumstances, the doctrine of ejusdem generis applies to limit the scope of N.J.S.A. 40:52-1 (g).
*473 Our decision finds support in the Supreme Court's interpretation of subsection (g) in City of Absecon v. Vettese, 13 N.J. 581 (1953), which concerned the power of a municipality to license local newspaper publishing businesses. The municipality based its licensing authority on subsection (g). The court expressly held that newspaper publishing could not be included in the general phrase "all other kinds of business."
In deciding Absecon, the court specifically referred to its recent decision in Salomon v. Jersey City, 12 N.J. 379, 388 (1953). The issue in Salomon was whether a municipality could, under N.J.S.A. 40:52-1 and 2, impose a license tax solely for revenue upon all businesses within its borders. The ordinance was completely devoid of regulatory features. The court held the ordinance invalid because it exceeded the power granted to municipalities by the Legislature. In an extended dictum, the court rejected the suggestion advanced by the municipality that the phrase "all other kinds of business" appearing in subsection (g), coupled with the preexisting provision relating to the fixing of license fees for revenue found in N.J.S.A. 40:52-2, displayed a legislative intent to authorize municipal taxation of all businesses in a manner set forth in the ordinance in question. Noting that ejusdem generis is not an absolute rule but serves as a helpful guide in ascertaining legislative meaning, the court continued as follows:
"In context, the other kinds of business referred to in L. 1918, c. 252, now paragraph (g) of R.S. 40:52-1, N.J.S.A., must be local businesses which may reasonably be considered comparable in type to those specifically enumerated therein, namely, lumber and coal yards and stores for the sale of meats, groceries and provisions, dry goods, merchandise and other goods and chattels. Nowhere in section (g) or in R.S. 40:52-1, N.J.S.A. is support to be found for the position that well-known classes of business concerns such as manufacturers, who in the main must be viewed as having predominantly intermunicipal and interstate rather than local aspects, were included sub silentio in the regulatory and licensing provisions of the statute." (at p. 389)
*474 The application of ejusdem generis to subsection (g) is also supported by way of dictum in Weiner v. Borough of Stratford, 15 N.J. 295 (1954). There the court held invalid, for lack of proper standards to control the administrators' discretion, an ordinance which would have required an entrepreneur to obtain a license before engaging in a new business in the municipality. After stating that the ordinance would have to be revised if it were to conform with the enabling statute, the court pointed out another aspect requiring correction:
"R.S. 40:52-1, N.J.S.A., and R.S. 40:52-2, N.J.S.A., do not authorize municipalities to license and regulate all businesses, but only those described therein. City of Absecon v. Vettese, 13 N.J. 581 (1953). This ordinance exceeds permissible bounds in embracing `any business, trade or calling' and `any business, trades, professions or occupations.'" (at p. 300)
Some comment must be made on the earlier case of Becker v. Pickersgill, 105 N.J.L. 51 (Sup. Ct. 1928). In that case Becker was convicted of violating a Perth Amboy ordinance providing for the examination and registration of electricians and fixing the fees for such registration. Becker, a resident of Perth Amboy, had been refused a permit to wire a house because he had not passed the master electrician examination. He nonetheless proceeded to complete his work and was thereafter convicted of violating the ordinance.
On certiorari to our former Supreme Court, Becker contended that the city had no authority to license an electrician. In discussing L. 1917, c. 152, Art. XV, § 1(d)  predecessor of present subsection (g) of N.J.S.A. 40:52-1  the court held that the statute conferred express authority upon municipalities to adopt ordinances licensing and regulating, inter alia, the various classes of businesses and occupations designated in subsection (d), which included the broad phrase "all other kinds of business." Since Becker was engaged in a business or occupation, the court concluded that he came within the scope of subsection (d). Becker is the only decision *475 that has come to our attention in which the doctrine of ejusdem generis was held inapplicable to the provisions of present subsection (g) or its predecessors.
This court, in Edwards v. Borough of Moonachie, 3 N.J. Super. 10, 14 (App. Div. 1949), considered the reliance in Becker upon the predecessor of subsection (g) "unnecessary to the decision and the construction thereof too broad." On appeal, the Supreme Court mentioned but did not expressly overrule Becker. Edwards v. Borough of Moonachie, 3 N.J. 17, 22 (1949). However, we consider that Becker has been overruled by that court's opinion in City of Absecon v. Vettese, supra. And see the dicta in Salomon v. Jersey City and Weiner v. Borough of Stratford, supra.
Accordingly, defendant Belmar's reliance on the Supreme Court's decision in Edwards is misplaced. A close reading of that opinion reveals that the Supreme Court found the Moonachie ordinance licensing trailer camps to be authorized under N.J.S.A. 40:52-1(d), whose provisions "all other places and buildings used for sleeping" were sufficient to authorize the ordinance. The court did not sustain the Moonachie ordinance under the omnibus phrase "all other kinds of business" found in subsection (g). The discussion of ejusdem generis concerned subsection (d) and was dicta as to subsection (g). The judge who wrote for the court in Edwards later joined in the Absecon unanimous decision.
Since the decision of Becker, our Legislature has repeatedly amended N.J.S.A. 40:52-1 to include specific businesses superfluous under the rationale of that case. L. 1929, c. 215, p. 406, § 1; L. 1941, c. 92, p. 207, § 1; L. 1944, c. 245, p. 807, § 1; L. 1948, c. 425, p. 1664, § 1. For example, the Legislature since 1928 has increased the enumerated activities to include such businesses as real estate auctioneering, dealing in secondhand motor vehicles and motor vehicle junk, operating trailer camps, bowling alleys, and street stands for the sale of newspapers and other reading material.
In passing, we observe that the ordinance here in question was held inapplicable to "the business of furnishing *476 plumbing services by a master plumber who maintains his place of business in another municipality." Belmar v. Berube, 63 N.J. Super. 69, 74 (Cty. Ct. 1960).
We agree with the court below that N.J.S.A. 40:52-1(g) cannot be construed to include plaintiff, which merely sought to supply the services of a roofing contractor.
Affirmed.