161 N.J. Super. 409 (1978)
391 A.2d 981
JOSEPH ANDRITO AND JOYCE ANDRITO, PLAINTIFFS,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, District Court, Passaic County.
June 23, 1978.
*410 Mr. Dominic Cavaliere for plaintiffs.
Mr. Craig E. Hoogstra for defendant (Messrs. Harwood, Lloyd, Kelly, Ryan, Coyle & Wulster, attorneys).
CONN, J.D.C.
Cross-motions for summary judgment in this action bring for review one more question arising out of the Automobile Reparation Reform Act (No Fault Law), N.J.S.A. 39:6A-1 et seq. The issue is a novel one and it calls for an interpretation of N.J.S.A. 39:6A-13.1(a); therefore this opinion supplementing the oral determination made from the bench. Plaintiff-claimant moves for partial summary judgment against defendant-carrier and the latter moves for dismissal. The facts are not in issue and thus summary judgment is appropriate. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
Plaintiffs are father and daughter; the former is the owner and insured of a certain automobile and the latter is a member of her father's household and the driver of the car involved in an accident on September 21, 1975. Defendant is the insurer of the car.
Joyce Andrito was injured in the accident and treated by a dentist the next day, September 22, 1975. At that time some of her teeth were capped and temporary crowns were put in. Allstate paid for this dental work on December 11, 1975. Thereafter, on February 12, 1976, Joyce Andrito returned to the same dentist who removed her temporary crowns and replaced them with permanent ones.
*411 This action against defendant for the February 12, 1976 dental work was commenced on February 9, 1978. Defendant's motion is based solely on the failure of plaintiffs to sue for this claim within two years of December 11, 1975, the date the defendant paid the bill for the initial dental work. Plaintiffs' motion for partial summary judgment seeks an adjudication that their suit is not barred by that fact.
N.J.S.A. 39:6A-13.1(a) reads:
a. Every action for the payment of benefits set forth in sections 4 and 10 of this act, except an action by a decedent's estate, shall be commenced not later than 2 years after the injured person or survivor suffers a loss or incurs an expense and either knows or in the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than 4 years after the accident whichever is earlier, provided, however, that if benefits have been paid before then an action for further benefits may be commenced not later than 2 years after the last payment of benefits.
The defendant contends that the final portion of that subsection, "provided, however, * * *," requires that a suit claiming additional benefits be brought within two years of the last payment of a claim, whether within four years of the accident or not. Plaintiffs view that last portion as not applying to a claim that otherwise complies with the preceding portion of the statute. They contend, rather, that the proviso is simply an added recourse afforded a claimant to cover the situation of continuing treatment claims that go beyond the four-year limitation.
As stated, the issue has not been litigated in New Jersey. This is probably because it is rare that a claim for additional benefits, which is reduced to suit within four years of the accident, will not also be brought within two years of a previous benefit payment. It was also suggested at oral argument that carriers usually pay such claims despite a gap of over two years between a first payment and a claim for another, provided the second is within four years of the *412 accident. Defendant nevertheless insists that the statute clearly calls for a dismissal of plaintiffs' suit.
In interpreting a statute primary regard must be given to the purpose for which the legislation was enacted. N.J. Builders, Owners & Managers Ass'n v. Blair, 60 N.J. 330, 338-39 (1972); Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378-79 (1956). The Automobile Reparation Reform Act was designed
* * * to afford reparation or at least partial reparation for the objectively provable economic losses resulting from automobile accidents. See Am. Jur.2d, No Fault Insurance, § 1 at 3 (New Topic Service, 1973). Our law requires prompt payment of medical expenses, lost wages, essential services, survivor benefits and funeral expenses to certain classes of persons injured in an automobile accident without regard to negligence, liability or fault and without having to await the outcome of protracted litigation. N.J.S.A. 39:6A-4 and 39:6A-5. See Ortiz v. Safeco, 136 N.J. Super. 532, 535 (Law Div. 1975), mod. on other grounds 144 N.J. Super. 506 (App. Div. 1976); Harris v. Osorio, 125 N.J. Super. 468, 469 (Law Div. 1973). [Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475, 479-80 (App. Div. 1976)]
Keeping this in mind, the question may be framed as follows: What purpose is served by requiring a claimant who has already been paid a benefit and incurs an additional medical expense well within four years of the accident and who sues within four years thereof and within two years of incurring the expense, to also bring suit within two years of the payment of the initial benefit? No purpose comes to mind. On the other hand, it would seem consistent with the legislative purpose of guaranteeing reparations to qualified claimants to relax the four-year limitation as the outer limit of recovery where an injury resulting from an accident requires continuing medical treatment. In that situation, however, to merely require that a claim be sued for within two years of the treatment would result in claims being made after a hiatus of many years as long as there is a causal connection with the accident. Thus the significance of a requirement that, in those situations where *413 treatment goes beyond four years after the accident, an action to recover such benefits must be brought within two years of the last payment of benefits.
Thus, the court concludes that the Legislature did not intend that a suit for a further benefit, brought within four years of the accident and within two years of the expense, need also be brought within two years of the last payment of benefits.
The above analysis is borne out by an examination of the particular language employed in N.J.S.A. 39:6A-13.1 (a). The words which introduce the disputed phrase, "provided, however, that," are words of art signifying a proviso. Black's Law Dictionary (4 ed. 1968); 1A Sutherland, Statutory Construction (4 ed. Sands, 1972) § 21.11 at 88. A proviso, contrary to defendant's contention, does not function simply to further or complete that portion of the statute which precedes it. Rather, as is consistent with plaintiffs' position, "[i]ts function, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview." N.J. Bd. of Optometrists v. S.S. Kresge Co., 113 N.J.L. 287, 295 (Sup. Ct. 1934), mod. on other grounds 115 N.J.L. 495 (E. & A. 1935). Accord, N.J. Bd. of Optometrists v. M.H. Harris, Inc., 14 N.J. Super. 66, 69 (App. Div. 1951).
Further proof that the Legislature intended this proviso to serve a purpose distinct from that of the preceding portion of the subsection is that the proviso is couched in permissive language, i.e., "an action * * * may be commenced" (emphasis supplied), while in the initial portion of the subsection the mandatory word "shall" is utilized. "It is axiomatic that every word, clause or sentence of a statute is to be given effect. Constructions are to be avoided which render any part of a statute inoperative, superfluous, void or insignificant." General Roofing Co. v. Belmar, 77 N.J. Super. 469, 472 (App. Div. 1962); accord, Gabin v. Skyline *414 Cabana Club, 54 N.J. 550, 555 (1969); Raybestos-Manhattan, Inc. v. Glaser, 144 N.J. Super. 152, 167 (Ch. Div. 1976).
A review of similar no-fault legislation in other states and the annotations thereto fails to indicate any judicial interpretations of a similar subsection.
In sum, this court is satisfied that the last phrase in subsection (a) of 39:6A-13.1 does not add a third requirement for a claimant seeking to sue for benefits incurred within four years of the accident. Rather, it provides an exception to the four-year limitation and permits claims for further benefits that go beyond the four years, as long as the suit is brought within two years of the last payment. In short, the language is not so much an added shield for the carrier, as it is an additional sword for the claimant.
For the reasons stated above, plaintiffs' motion for partial summary judgment is granted and the defendant's motion is denied. An order reflecting the above shall be submitted and the matter continued for trial on the remaining issues.